VALENTINE CRANE V. I. W. CHENEY.

No. 15,127.     (91 Pac. 67.)

STATUTE OF FRAUDS—*Possession—Improvements—Oral Agreement*. Where one was in possession of land and made lasting and valuable improvements on the strength of an oral agreement by the owners to convey, it was said the statute of frauds did not apply.

Error from Pawnee district court; CHARLES E. LOB-DELL, judge. Opinion filed July 5, 1907. Affirmed.

*W. H. Vernon, sr.,* and *G. W. Finney,* for plaintiff in error.

*Per Curiam:* The defendant in error commenced this suit in the district court of Pawnee county to quiet his title against the claims of the plaintiff in error. The court found and filed findings of fact and conclusions of law which read:

### "FINDINGS OF FACT.

"That on August 9, 1901, J. H. Hazen and Lena Hazen were husband and wife, and were jointly occupying as their home the quarter-section of land of which the tract in controversy is a part; that on that date defendant J. H. Hazen entered into a parol contract to sell the tract in controversy to S. A. Miller for the sum of $12.50; that the defendant Lena Hazen had no knowledge of such agreement, and was in no way a party thereto at the time.

"The court finds that Miller forthwith entered upon the land and made lasting and valuable improvements thereon.

"The court finds that on the 4th of March, 1904, Miller made a verbal assignment of his interest under such agreement to plaintiff; that on the 7th of March, 1904, plaintiff took possession of the land in controversy; that at the time of taking possession he did so with the knowledge and consent of defendants J. H. Hazen and Lena Hazen, and with their knowledge and without objection from them at once made lasting and valuable improvements thereon, and that on said date or on a later date between that time and March 19, 1904, the defendants J. H. Hazen and Lena Hazen, being together, verbally jointly agreed with the plaintiff to execute to him a deed to said property, pursuant to the arrangement with Miller, and plaintiff's rights thereunder; that from the 7th of March, 1904, to this date plaintiff has been in open and notorious possession of the property in controversy; that on the 29th of March, 1904, the defendants J. H. Hazen and Lena Hazen, by deed of general warranty, conveyed the quarter-section of land of which the tract in controversy is a part, without reservation, to the defendant, Valentine Crane; that Crane, at that date, and at all times after March 7, 1904, had actual knowledge of the occupancy, possession and improvements of plaintiff.

### "CONCLUSIONS OF LAW.

"The court concludes as a matter of law that the quarter-section of land of which the tract in controversy is a part was, on August 9, 1901, the homestead of J. H. Hazen and Lena Hazen; that the attempted agreement of J. H. Hazen to transfer a portion thereof, without the consent of his wife, was void.

"The court concludes as a matter of law that the defendants J. H. Hazen and Lena Hazen, by this verbal agreement with the plaintiff to adopt the contract with Miller, and convey the land to plaintiff, was joint consent, verbally given, and that plaintiff's immediate possession was in law sufficient to take such agreement out of the statute of frauds and make it binding.

"The court concludes as a matter of law that the occupancy of the premises by the plaintiff at the time defendant Crane acquired his title thereto was notice of any and all interest that plaintiff might have therein.

"It is therefore by the court considered, ordered and

Crane v. Cheney.

adjudged, and held, that plaintiff is the owner in fee simple of the land in controversy.

"The court finds that the land in controversy was, on the 29th of August, 1904, of the value of $150; that his title thereto be quieted against defendants and all persons."

The finding of fact to the effect that the Hazens jointly agreed to convey to Cheney is assailed on the ground that it has no support in the evidence, and also. for the reason that at the time this agreement is found to have been made the Hazens had already sold the property to Crane and received $800 as part payment therefor.

As to the first objection, the evidence upon this subject is conflicting, and therefore we feel bound by the finding of the court thereon. The second proposition does not seem to be supported by the evidence. The court ignored this subject in its findings, which indicates that the evidence on that point was not deemed sufficient to challenge consideration. It seems quite clear that Hazen could not convey or make a binding contract concerning Crane's land. If the land at the time this contract was made had been sold by the Hazens, that fact was important, and would undoubtedly have been shown. The date of the deed by the Hazens, and when the money was paid by Crane, were facts apparently material and easily shown, but Crane rested upon his unaided memory of these facts and placed the date in March; when pressed for a more specific answer, he fixed the time "along about the first part or within the first half of March." This was indefinite and unsatisfactory. The agreement with the Hazens took place March 14, while Cheney's improvements were in course of erection. The evidence, therefore, indicated that the trade with Crane might have been after the contract with Cheney. There is not a word of evidence that any negotiation had been made with Mrs. Hazen by Crane, or that she had any knowledge thereof before she executed the deed, March 29;

52—77 KAN.

and whatever negotiations may have been had with Hazen alone were void. In any event, there is nothing in the evidence to indicate that Crane had a contract concerning the land which he was in a position to enforce before he received the deed. The court was therefore justified in eliminating this whole question from its consideration.

Considerable has been said about the partnership existing between Cheney and Manderschied, and it is claimed that because of such partnership Cheney could not maintain this action alone. We do not think this question important. The plaintiff's right to recover here rests entirely upon the agreement of the Hazens to convey to him in ratification and confirmation of his contract with Miller. The promise was made personally to Cheney. The partnership was not considered. Cheney alone, therefore, was the proper party to enforce the contract. The rights of the partnership must be adjusted between the parties interested.

As found by the court, Crane bought of the Hazens with full knowledge of the rights of Cheney and subject thereto.

The erection of improvements and investment of money by Cheney upon the strength of the promise of the Hazens eliminates the statute of frauds.

The findings of fact made by the court are sustained by the evidence, and they justify its conclusions of law and the decree. The judgment is affirmed.